IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL SCOTT PIETILA,

    Plaintiff,

v.

THEA HALVERSON, et al.,

    Defendants.

ORDER

Case No.  20-cv-505-bbc

---

MICHAEL SCOTT PIETILA,

    Plaintiff,

v.

SGT. YORK, et al.,

    Defendants.

ORDER

Case No. 20-cv-506-bbc

---

Plaintiff Michael Scott Pietila has filed a certified copy of a trust fund account statement in support of his request for leave to proceed without prepaying the fee in each of the above cases. After considering the supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $1.18 of the $350.00 filing fee in each of the above cases.  For these cases to proceed, plaintiff must submit the $1.18 initial partial payment in each case on or before July 14, 2020.

Plaintiff has also filed a motion to waive the initial partial payment or to use his release account funds to pay the $350.00 filing fee (dkt. #7 in case no. 20-cv-505-bbc and dkt. #6 in

case no. 20-cv-506-bbc). I will deny without prejudice plaintiff's request to waive the $1.18 initial partial payments. However, I will grant plaintiff's request to use his release account funds to pay each of the $1.18 initial partial payments.

Pursuant to 28 U.S.C. § 1915(b)(1), prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if sufficient funds do not exist in plaintiff's regular account to pay the $1.18 plaintiff has been assessed as initial partial payment in each of the above cases, he can use his release account to pay the initial partial payments.

Lastly, plaintiff has filed a motion requesting financial sanctions and an order to compel certified 6-month statement (dkt. #4 in case no. 20-cv-505-bbc and dkt. #4 in case no. 20-cv-506-bbc). I will deny this motion as moot because the court received plaintiff's six-month trust fund account statement in each of the above cases before the June 23, 2020 deadline.

ORDER

IT IS ORDERED that,

1. Plaintiff Michael Scott Pietila is assessed $1.18 as an initial partial payment of the $350.00 filing fee in each of the above cases. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $1.18 for each of these cases (or a total of $2.36) or advise the court in writing why plaintiff is not able to submit the assessed amount on or before July 14, 2020.

2. Plaintiff's motion to use his release account funds to pay the $1.18 initial partial payment assessed in each of the above cases is GRANTED. If, by July 14, 2020, plaintiff fails to make the initial partial payments or show cause for failure to do so, plaintiff will be held to have withdrawn these actions voluntarily and these cases will be closed without prejudice to plaintiff filing the cases at a later date.

3. Plaintiff's motion to waive the $1.18 initial partial payment is DENIED without prejudice.

4. Plaintiff's motion requesting financial sanctions and an order to compel certified 6-month statement is DENIED as moot.

5. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial payments as directed above and the court has screened the complaint in each case as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 23rd day of June, 2020.

                BY THE COURT:

                /s/
                PETER OPPENEER
                Magistrate Judge