IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT PIETILA,

                                                                         OPINION AND ORDER

                Plaintiff,

                                                                         20-cv-505-bbc

      v.

THEA HALVERSON, LT. DINGMAN,
WARDEN BRIAN FOSTER AND
CAPTAIN WESTRA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Michael Scott Pietila has filed a civil action under 42 U.S.C. § 1983, alleging that prison staff at Waupun Correctional Institution retaliated against him because he had filed a lawsuit against other prison staff. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because plaintiff's allegations do not state a retaliation claim against any defendant, I am dismissing this case.

ALLEGATIONS OF FACT

During 2019, plaintiff Michael Scott Pietila sent defendant Thea Halverson, a correctional officer, several love letters. Halverson accepted plaintiff's love letters for months, without issuing him a conduct report. In one of his letters, plaintiff mentioned that he was seeking a large settlement from prison officials in one of his ongoing cases. In

September 2019, Halverson wrote plaintiff a conduct report, accusing him of "sexual conduct." (Plaintiff does not say what the conduct report accused him of doing, but he does say that the conduct report was false.) Defendant Lt. Dingman placed plaintiff in lockup after he received the conduct report, even though Dingman did not believe Halverson's accusation against plaintiff.

At the hearing on the conduct report, defendant Captain Westra refused to permit plaintiff to call witnesses and found plaintiff guilty of the conduct report. Defendant Brian Foster, the warden, affirmed the finding of guilty. Plaintiff was placed in segregation. Halverson was ultimately fired from her position with the Department of Corrections for taking advantage of inmates.

## OPINION

### A. First Amendment Retaliation

Plaintiff contends that defendants retaliated against him in violation of his First Amendment rights. A prison official can be liable for violating the First Amendment if the official retaliates against a prisoner for the prisoner's exercise of First Amendment rights. To state a retaliation claim, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff's allegations satisfy factors one and two of his retaliation claim. First, he alleges that he engaged in protected activity by filing a lawsuit against prison officials in federal court. (Court records show that plaintiff has filed six cases in the Eastern District of Wisconsin against prison staff since 2017.) Second, he alleges that he was punished with a conduct report and time in segregation. I can infer that the threats of a conduct report and segregation time would deter an ordinary prisoner from filing lawsuits.

However, plaintiff's allegations do not satisfy the third element of a retaliation claim, because his allegations do not suggest that defendants' actions were retaliatory. Plaintiff alleges that defendant Halverson accepted his love letters for months, and only issued him a conduct report after he mentioned that he was seeking a large settlement in one of his lawsuits. However, Halverson apparently had not been bothered by plaintiff's numerous lawsuits against Department of Corrections employees in the past, and plaintiff's allegations give no plausible reason why Halverson would be motivated to retaliate against plaintiff for his latest lawsuit. Plaintiff's lawsuit was not against Halverson, and plaintiff does not allege that Halverson would have been affected by the lawsuit in any way. Moreover, plaintiff alleges that Halverson's conduct report against plaintiff ultimately resulted in Halverson's being fired. I cannot infer that Halverson was motivated to retaliate against plaintiff for a lawsuit that did not involve her, at the risk of losing her job.

Plaintiff's allegations also do not suggest that any other defendant retaliated against him. He alleges that defendant Dingman placed him in lockup after he received the conduct report, but that is the usual practice after an inmate receives a major conduct report. Wis.

Admin. Code § DOC 303.10. Plaintiff alleges that defendant Westra refused to permit him to call witnesses and found him guilty of the conduct report. However, whether Westra permitted witnesses was within Westra's discretion, Wis. Admin. Code § DOC 303.84, and plaintiff's complaint includes no allegations suggesting that Westra had a motive to retaliate against him. Likewise, plaintiff's allegations do not suggest that Warden Foster's affirmation of plaintiff's guilt was retaliatory. Accordingly, I conclude that plaintiff may not proceed on a retaliation claim against any defendant.

### B. Plaintiff's Motion for Sanctions

Plaintiff has also filed a motion requesting the court to issue sanctions against prison staff who have failed to protect him from inmates who intend to harm him. Dkt. #5. He also seeks to be moved to another prison for his safety. The copy of the motion received by the court is of poor quality and difficult to read. However, it is clear that plaintiff's motion is unrelated to the allegations of plaintiff's complaint in this case. Therefore, I will deny it. If plaintiff wants to challenge prison staff's failure to protect him from harm by other inmates, he must file a new lawsuit raising that claim.

### ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott Pietila is DENIED leave to proceed on any claim in this case, and this case is DISMISSED.

2. Plaintiff's motion for financial sanctions, dkt. #5, is DENIED.

3. Plaintiff is assessed a strike under 28 U.S.C. § 1915A.

Entered this 10th day of August, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge